BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUN -9 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE HAVEN INDUSTRIES, INC.       )
SECURITIES LITIGATION              )       DOCKET NO. 246

## OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD *,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY, JUDGES OF
THE PANEL

PER CURIAM

This litigation consists of two actions commenced
in two different federal districts:  the District of
Massachusetts and the Southern District of New York.
Both actions were instituted pursuant to Section 17 of
the Securities Act of 1933 and Section 10 of the Securities
Exchange Act of 1934 for damages resulting from plaintiffs'
purchases of Haven Industries, Inc. securities.  Plaintiffs
allege that these purchases were made on the basis of
defendants' conspiratorial and fraudulent conduct,
including omissions and misstatements of material facts.
The Massachusetts action also includes a damages claim for
plaintiffs' purchases of other companies' securities, unre-
lated to Haven, but controlled by some of the defendants.

---

\*       Judges Weinfeld and Lord were unable to attend
the Panel hearing and, therefore, took no part
in the consideration or decision of this matter.

- 2 -

Defendants in this litigation include several publicly-owned corporations and present and former directors, officers, attorneys, accountants and underwriters for Haven, now known as Federated Communications Corp.  There are 28 common defendants in the two actions.

This matter is before the Panel on Federated's motion to transfer the Massachusetts action to the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action pending there.  Several defendants support this motion. The plaintiffs in both actions and two defendants in the Massachusetts action -- Harris, Upham & Co. and Nelson Carpentier -- oppose transfer, but suggest in the alternative that the District of Massachusetts would be a more conven- ient forum, should transfer be ordered.

We find that these actions share common questions of fact and that transfer of the Massachusetts action to the Southern District of New York under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

No one denies that significant common questions of fact exist in the two actions.  The opponents of transfer

- 3 -

basically contend, however, that the common factual issues are
neither numerous nor complex enough to justify Section 1407
treatment.  They suggest that voluntary coordination among the
parties is a suitable alternative to transfer.  In addition,
defendants Carpentier and Harris, Upham assert that they are
defendants in the Massachusetts action only and should not be
required to participate in pretrial activities in which they
have no interest.  These defendants also maintain that transfer
would impose a financial hardship upon them.

Opponents' arguments are not persuasive.  An exami-
nation of the complaints in these two actions reveals similar
allegations of a nationwide conspiracy to fraudulently inflate
the price of Haven securities.  These allegations, in our
judgment, especially in light of the fact that the two actions
share 28 common defendants, raise common factual questions
that are complex enough, with the accompanying discovery
so time-consuming, as to warrant transfer.  Cf. In re Scotch
Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L.
1969).  Absent transfer under Section 1407, pretrial proceed-
ings will be needlessly duplicated.  And while we commend
the parties' desires to coordinate discovery among themselves,
singular judicial treatment in the circumstances of this
particular litigation will best ensure streamlining of all
aspects of the pretrial process.

- 4 -

Defendants Carpentier's and Harris, Upham's arguments
opposing transfer because of their non-involvement in the
New York action are potentially negated by the fact that the
New York plaintiff has moved to add them as defendants in
that action.  In any event, transfer under Section 1407 is not
dependent upon a total identity of parties and issues but
rather on the existence of common questions of fact.  See
In re Japanese Electronic Products Antitrust Litigation,
388 F. Supp. 565, 567 (J.P.M.L. 1975).  Moreover, the judicious
use of lead and liaison counsel and steering committees could
minimize the expenses and degree of participation of these
defendants, and the other parties as well, and thereby
produce an overall savings through a pooling of efforts.  See
Manual for Complex Litigation, Part I, §§1.90 - 1.93
(rev. ed. 1973).

Although some parties suggest otherwise, we believe
that the advantages of coordinated or consolidated pretrial
proceedings can best be obtained by selecting the Southern
District of New York as the transferee forum for this litiga-
tion.  While no discovery has taken place in the Massachu-
setts action, Judge Lee P. Gagliardi, to whom the New York
action has been assigned, has become acquainted with the
factual background of these actions inasmuch as discovery and
other pretrial proceedings have proceeded in the action
before him.  Hence, he is clearly in the best position
to supervise this litigation toward its most just and expe-

- 5 -

ditious termination. <u>See</u> <u>In re Griseofulvin Antitrust Litigation</u>,
395 F. Supp. 1402, 1403 (J.P.M.L. 1975). Furthermore, many
of the defendants are or were headquartered in the New York
vicinity and, as a result, key documents and witnesses are
located there.

IT IS THEREFORE ORDERED that the action listed on
the following Schedule A and pending in the District of
Massachusetts be, and the same hereby is, transferred to
the Southern District of New York and, with the consent of
that court, assigned to the Honorable Lee P. Gagliardi
for coordinated or consolidated pretrial proceedings,
pursuant to 28 U.S.C. §1407, with the action pending in
that district and listed on Schedule A.

SCHEDULE A                                    DOCKET NO. 246

### SOUTHERN DISTRICT OF NEW YORK

Mark P. Binstein v. Haven Industries, Inc.,   Civil Action
et al.                                        No. 74 Civ. 4792

### DISTRICT OF MASSACHUSETTS

Christine Lemmelin, et al. v. Haven           Civil Action
Industries, Inc., et al.                      No. 75-3419-M